**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KIMBERLY EDWARDS**                                                      **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 3:17CV968-LG-LRA**

**NORTH PARK MALL**                                            **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the Motion to Proceed *In Forma Pauperis* filed by Kimberly Edwards [hereinafter "Plaintiff"], an adult resident citizen of Pickens, Holmes County, Mississippi. Plaintiff filed a Complaint against "North Park Mall" utilizing a form Complaint ["Pro Se 1 (Rev. 12/16) Complaint for a Civil Case"]. Plaintiff does not state the citizenship of North Park Mall other than to give its address as 1200 E. County Line Road, Ridgeland, MS  39157. She marked "federal question" as the basis for federal court jurisdiction on the Complaint [1, p. 3].

Examining only Plaintiff's income and expenses, the undersigned finds that she is entitled to proceed without the prepayment of fees. She is unemployed and has no income or property, and her motion should be granted. Where the plaintiff's financial information shows that a filing fee would cause "undue financial hardship," the district court has discretion to reduce or waive the fee. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The case may also be dismissed at any stage if there is no basis for federal subject matter jurisdiction.

In her Complaint, III. Statement of Claim, Plaintiff stated:

> When I would come in the stores the prices would be wrong or higher than what I seen on a commercial or online.

[1, p. 4].

Under Section IV., "Relief," Plaintiff alleged:

> When they knew I was in the mall the prices would be higher or the old sign would go back up or - they would just be changing the sign so I wouldn't get a discount. $750,000.00.

[1, p. 4].

Federal Courts are courts of limited jurisdiction and courts "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir.2001); U.S.Const., art. III, § 2. Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582-83 (1999). The Court must inquire into its subject-matter jurisdiction on its own initiative. *Id.* It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp*., 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

Although Plaintiff attempts to invoke federal question jurisdiction, she does not set forth a claim under a federal statute or the United States Constitution. If a cause of action has been stated, it would only be a state law tort claim against the mall. North Park Mall appears to be a private corporation, not a government actor, and the Complaint fails to state a federal claim. The Court cannot conclude that federal question jurisdiction exists.

Although she does not claim diversity jurisdiction, the Court notes that, based upon the record, complete diversity of citizenship is also lacking. 28 U.S.C. § 1332(a)(1). The Court must have original jurisdiction, either via federal question or through diversity jurisdiction. The Plaintiff is prosecuting this case pro se, and her pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Although the undersigned has liberally construed her allegations, no basis for subject matter jurisdiction can be discerned from the allegations of the Complaint. The Court is unable to exercise jurisdiction to consider the merits of the case. *See*

*Ruhrgas*, 526 U.S. at 583. Accordingly, Plaintiff's motion to proceed without paying costs should be granted but her complaint should then be dismissed without prejudice.

## Conclusion

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of January 2018.

s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
